**T. M. STEGER**, Administrator *de bonis non*, etc., *vs.* **H. W. FRIZZELL** and others.

April Term, 1875.

FUNERAL EXPENSES—SUIT OF CLOTHES.—The value of a suit of clothes in which to bury the deceased, will, in the absence of testimony showing its impropriety, be allowed as a funeral expense, under the Code, § 2350.

24

SAME—ALL CLAIMS·FOR SHOULD BE HEARD TOGETHER. — In cases of insolvency it is the duty of the personal representative of the deceased, and the creditors have the right, to see that all the items of expenditure for funeral expenses are brought before the court at the same time, and, if this be not done, each item of expense must be determined on its own merits.

CLERK'S FEES—SURETIES—LIEN.—The official fees of a clerk belong to his estate, like other property, and the sureties upon his official bond have no lien upon them for their indemnity, or right of priority over other creditors.

*N. D. Malone*, for petitioner.

*T. M. Steger*, for self.

THE CHANCELLOR :—Bill to wind up an insolvent estate. The case comes before me upon the petition of J. A. J. Rose, a clothing merchant, to have allowed and paid, as part of the funeral expenses of the complainant's intestate, a claim of $53 for a suit of clothes in which the intestate was buried. It is admitted by the administrator that the goods were furnished and used for the purpose stated, and were worth the price charged. It is not denied, either, that the claim falls within the class of funeral expenses. The petitioner's application is, however, resisted, and upon the following grounds :

1st. That the debt was not contracted by any person authorized to bind the estate.

2d. That the articles were not necessary, and their purchase, in view of the condition of the estate, unreasonable.

3d. That the estate is largely insolvent, and the original administrator has already allowed $350 for funeral expenses.

4th. That the intestate was clerk of the criminal court at his death, and had collected taxes due the state, and costs due officers and others, for which he had never accounted, and for which his official sureties were liable, and there were no assets except fees due him as clerk.

At common law, funeral expenses, according to the degree and quality of the deceased, are to be allowed of the goods of the estate before any debt or duty whatsoever. 3 Inst. 202. And this priority, next after the expenses of the administration, is recognized in this state by statute. Code, § 2350. The duty of burying the deceased devolves upon

the personal representative, if there be one duly qualified; and, in his absence, any friend may see to the due performance of the funeral rites, and the personal representative with assets will be liable to him for the expenses incurred, though he neither ordered the expenditure nor even knew of it. Matthews on.Ex. 68 ; *Flintham's Appeal,* 11 Serg. & R. 16 ; *Hapgood* v. *Houghton,* 10 Pick. 154 ; *Parker* v. *Lewis,* 2 Dev. 21.

The expenses must not be extravagant, even as against legatees and next of kin. *Bridge* v. *Brown,* 2 Y. & C. C. C. 181. And, if there be the least probability that the estate will prove ultimately insolvent, then any unnecessary funeral expenses will be at the risk of those who authorized them. *Hancock* v. *Padmore,* 1 B. & Ad. 260. The old rule was very rigid. *Shelly's Case,* 1 Salk. 296. But the limit of expenditure has been gradually enlarged, the sum of £20 being deemed proper, in ordinary cases, at law. *Yardley* v. *Arnold,* 1 Car. & M. 434, 438. In equity the rule has been more liberal. *Stag* v. *Punter,* 3 Atk. 119. No precise sum can be fixed to govern in all cases. It must necessarily vary with the circumstances of each case. 2 Wms. Ex. 831.

The English cases have, where the estate was insolvent, as a general rule, rigidly limited the expenditure so as to check heedless extravagance and protect honest creditors. And one of our ablest American Chancellors intimated that the rule was equally applicable in equity. *Wood* v. *Vandenburgh,* 6 Paige, 277. This is undoubtedly the better doctrine. But it is to be feared that the American authorities have departed from the old land-marks. Chancellor Walworth, in the case in 6 Paige, held that a head-stone for the decedent's grave, directed by his will, might be considered as part of the funeral expenses, where the right of creditors cannot be defeated thereby—a qualification, says Mr. Redfield, which would not of late be regarded as a very invincible obstacle. 3 Redf. on Wills, 246. And so it was held in *Fairman's Appeal,* 30 Conn. 205, that tombstones are

properly a part of the funeral expenses, even where the estate is insolvent. The rulings of our Chancellors have been in accord. My own inclination, in a proper case, is to adhere to the sounder rule of the common law.

In this case no proof has been taken, and the claim comes before me upon an admission of the facts as alleged. If, however, it was intended that the facts well pleaded in the answer of the administrator shall be taken as true, these facts are only that the debt was not authorized by the personal representative—which is no defence—that the administrator had already allowed $350 for funeral expenses, and that the assets of the estate consisted of fees due the intestate as clerk. The mere fact that more money had already been expended for funeral expenses than was proper is no answer to a claim for a funeral expense, without showing that items already paid for were more necessary, or less extravagant, than the demand in controversy. A $300 coffin would be far worse than a $53 burial suit. The court cannot undertake to weigh the necessity or extravagance of particular items of funeral expense, without some evidence to guide its judgment. In England, where the credit is always claimed by the administrator, it is easy to apply the sound rule of limiting the general allowance. In this state, where the claim is, in cases of insolvency, against the estate directly, and not indirectly through the administrator, the personal representative should see that all the items of such expenditure are brought before the court at the same time. The general creditors have the same right. If this is neglected, each item of expense must be determined on its own merits. I cannot see that the item in question is either unnecessary or extravagant.

The remaining objection, if I understand it, is that the assets of the estate consist of fees due the intestate as clerk, and that, as the intestate was a defaulter, his official sureties have a lien on these fees for their indemnity. But I am not aware of any law which gives them a lien on these, any more than on other assets. The clerk's own fees, actually

earned, belong to his estate, like any other property, and must be distributed according to law.

Allow the claim as prayed.